UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WYNDHAM VACATION OWNERSHIP, INC. et al.,**

        **Plaintiffs,**

v.                                                             Case No: 6:18-cv-2171-Orl-31DCI
                                                       6:19-mc-0044-Orl-31DCI
                                                       6:19-mc-0045-Orl-31DCI

**REED HEIN & ASSOCIATES, LLC, BRANDON REED, TREVOR HEIN, THOMAS PARENTEAU, HAPPY HOUR MEDIA GROUP, LLC, MITCHELL R. SUSSMAN, KEN B. PRIVETT and SCHROETER GOLDMARK & BENDER, P.S.,**

        **Defendants.**

## ORDER

This cause comes before the Court for consideration following oral argument on the following motions:

- SECOND MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANT SCHROETER GOLDMARK & BENDER'S NOTICE OF SERVING SUBPOENA ON NON-PARTY (6:19-cv-2171-Orl-31DCI, Doc. 76);

- NON-PARTY ARDA INTERNATIONAL FOUNDATION'S MOTION TO QUASH THIRD-PARTY SUBPOENA (6:19-mc-00044, Doc. 1); and

- NON-PARTY ARDA-ROC'S MOTION TO QUASH THIRD-PARTY SUBPOENA (6:19-mc-00045, Doc. 1).

On July 2, 2019, Plaintiffs filed a second motion for protective order regarding Defendant Schroeter Goldmark & Bender's (SGB) notice of serving subpoena on non-parties the American

Resort Development Association International Foundation (ARDA) and the American Resort Development Association Resort Owners' Coalition (ARDA-ROC). Doc. 76 (the Motion). SGB timely filed a response in opposition (Doc. 79, the Response) and the Court granted Plaintiffs leave to file a short reply (*see* Doc. 82), which Plaintiffs timely filed. Doc. 85 (the Reply).

Because ARDA and ARDA-ROC are non-parties, their respective motions to quash the third-party subpoenas served on them by SGB were filed in separate miscellaneous cases. ARDA filed a motion to quash on July 12, 2019. Case No. 6:19-mc-00044, Doc. 1 (ARDA's Motion to Quash). ARDA-ROC also filed a motion to quash on July 12, 2019. Case No. 6:19-mc-00045, Doc. 1 (ARDA-ROC's Motion to Quash). SGB timely filed an omnibus response in opposition ARDA and ARDA-ROC's Motions to Quash (Case No. 6:19-mc-00045, Doc. 5), and ARDA and ARDA-ROC each timely filed a reply to SGB's omnibus response. Case No. 6:19-mc-00044, Doc. 20 (ARDA); Case No. 6:19-mc-00045, Doc. 17 (ARDA-ROC).

Because the Motion, ARDA's Motion to Quash, and ARDA-ROC's Motion to Quash were all filed in related cases dealing with the same issue, and because each of these motions addresses the same subpoenas sent to ARDA and ARDA-ROC, the Court will address all three motions at once. On September 12, 2019, the Court held a hearing on the Motion, ARDA's Motion to Quash, and ARDA-ROC's Motion to Quash and heard argument of counsel.

As stated on the record at the hearing and per the agreement of the parties, the Court will defer ruling on any requests within the subpoenas where relevance turns on Florida's statute prohibiting Strategic Lawsuits Against Public Participation (Anti-SLAPP). Thus, as stated on the record, the following discovery requests are at issue:

- Litigation and Funding: ARDA request 21 and ARDA-ROC request 13
- Trade Association Documents: ARDA requests 4, 6, 7, 8, and 9
- Lobbying: ARDA-ROC requests 6 and 7
- Complaints: ARDA requests 12 and 13

- Alternative Exit Initiatives: ARDA requests 10, 11, and 14; ARDA request 20 and ARDA-ROC request 16
- Wyndham Programs: ARDA request 15 and ARDA-ROC request 8; ARDA request 16 and ARDA-ROC request 9.

Accordingly, for the reasons set forth on the record at the hearing, it is **ORDERED** that the Motion (Doc. 76) is **GRANTED in part** and **DENIED in part** as follows:

1. With respect to ARDA requests 10, 11, 14, and 20, as well as ARDA-ROC request 16, the Motion is **GRANTED**.

2. With respect to ARDA requests 15 and 16 and ARDA-ROC requests 8 and 9, the Motion is **GRANTED**.

3. With respect to ARDA request 21 and ARDA-ROC request 13, the Motion is **DENIED** to the extent that those requests are subject to all the limitations set forth in the requests themselves and are further limited as follows to apply only those documents:

    a. By or on behalf of ARDA or ARDA-ROC;

    b. Between Defendants or Wyndham Owners; and

    c. Between January 1, 2016 and the present.

4. With respect to ARDA requests 4, 6, 7, 8, and 9, the Motion is **DENIED** to the extent that those requests are subject to all the limitations set forth in the requests themselves and are further limited as follows to apply only those documents that, between January 1, 2016 and June 1, 2018, were actually published, used at a convention, or handed out to participants at a convention.

5. With respect to ARDA-ROC request 6 and 7, the Motion is **DENIED** to the extent that those requests are subject to all the limitations set forth in the requests themselves and are further limited as follows to apply only those documents that were actually published

between January 1, 2016 and June 1, 2018, and not solely related to the lobbying and legislative efforts of ARDA-ROC.

6. With respect to ARDA requests 12 and 13, the Motion is **DENIED** to the extent that those requests are subject to all the limitations set forth in the requests themselves and are further limited as follows to apply only to Complaints received from January 1, 2016 to the present that specifically reference Plaintiffs.

Thus, for the reasons set forth on the record at the hearing, it is **ORDERED** that the ARDA'S Motion to Quash (Case No. 6:19-mc-00044, Doc. 1) and ARDA-ROC's Motion to Quash is (Case No. 6:19-mc-00045, Doc. 1) are **GRANTED** to the extent that they are granted as set forth in the foregoing paragraphs and **DENIED** in all other respects.[1]

Because no further action need be taken in 6:19-mc-00044 and 6:19-mc-00045, the Clerk is **DIRECTED** to **CLOSE** those cases.

**DONE** and **ORDERED** in Orlando, Florida on September 19, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Specifically, the objections by the non-parties related to burden and cost-shifting are not well-taken as being insufficiently supported by their briefing and the record before the Court, especially taking into consideration the significant limits the Court has now placed on the subpoenas by granting in part the motions as stated on the record and herein.